US Atty Camden, Office of United States Attorney, Camden, NJ, for Robert B. Kugler.

Before: McKEE, Chief Judge, RENDELL and CHAGARES, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

In July 2009, petitioner William Henry Coleman, a prisoner proceeding pro se, filed in the District Court a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The District Court dismissed the petition for lack of jurisdiction. On October 27, 2009, Coleman filed a motion for reconsideration. He filed this pro se mandamus petition on January 27, 2010, requesting that the District Court act on his motion.

Mandamus is a drastic remedy available only in extraordinary cases, *see In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir.2005), as the petitioner must demonstrate that he has "no other adequate means" to obtain the relief desired and a "clear and indisputable" right to issuance of the writ. *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir.1996). Although a district court has discretion over the management of its docket, *see In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817–18 (3d Cir.1982), a federal appellate court "may issue a writ of mandamus on the ground that [the district court's] undue delay is tantamount to a failure to exercise jurisdiction." *Madden*, 102 F.3d at 79.

We recognize that approximately five months have elapsed since the date Coleman filed his motion for reconsideration. However, we cannot conclude that the overall delay in this matter rises to the level of a denial of due process, and we are confident that the District Court will enter an order in due course. Accordingly, the petition is denied.

UNITED STATES of America

v.

HIEP TRAN, Appellant.

No. 07–4513.

United States Court of Appeals, Third Circuit.

Argued Feb. 11, 2010.

Filed May 24, 2010.

Toni N. Benedetti, Esq. (Argued), A. Charles Peruto, Jr., Esq., Philadelphia, PA, for Appellant.

Robert J. Livermore, Esq. (Argued), Robert A. Zauzmer, Esq., Office of the United States Attorney, Philadelphia, PA, for Appellee.

Before: SLOVITER, ROTH, and TASHIMA,* Circuit Judges.

## OPINION OF THE COURT

TASHIMA, Circuit Judge.

Appellant Hiep Tran appeals the mandatory-minimum 10–year sentence he received following his conviction for conspiracy to manufacture 1,000 or more marijuana plants. We will affirm.[1]

### I.

Tran's conviction and sentence resulted from a marijuana growing operation he ran in Birdsboro, Pennsylvania, in 2006 and 2007. Between late 2006 and early 2007, the Drug Enforcement Administration ("DEA") learned of the operation and placed Tran under surveillance. On June 25, 2007, DEA agents raided Tran's growing facility. Inside they discovered 888 live marijuana plants, as well as an additional 66 cuttings that had not yet taken root.

Tran was charged in a five-count indictment and, after a bench trial, was convicted of three counts of manufacturing and distributing marijuana. Only the most serious of these convictions is at issue in this appeal: Conspiracy to manufacture 1,000 or more marijuana plants, which carries a 10–year mandatory minimum sentence. 21 U.S.C. §§ 841(b)(1)(A), 846.

Because the DEA raid recovered only 888 live plants and 66 cuttings, the government relied on evidence of Tran's past marijuana harvests to establish that the conspiracy involved more than 1,000 plants. This evidence took the form of a phone call between Tran and his girlfriend that the DEA had recorded while it had Tran under surveillance. In the phone call, Tran explained to his girlfriend that he had just harvested enough marijuana plants to produce 19 pounds of marijuana. DEA Special Agent Richard Ellwanger testified that, based on the size of the seized plants, it would have taken 10 plants to yield one pound of marijuana. Thus, Agent Ellwanger opined that Tran had previously grown an additional 190 plants. The government's evidence showed that the conspiracy involved a total of at least 1,144 plants: 190 that had been grown and harvested prior to the raid; 888 live plants seized in the raid; and 66 cuttings that Tran intended to grow into plants in the future.[2]

---

\* Honorable A. Wallace Tashima, Senior Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

1. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

2. Cuttings are typically not considered plants until they have formed their own roots. *See, e.g.,* U.S.S.G. § 2D1.1, cmt. n. 17 (2007).

Based upon this testimony, the District Court found that the conspiracy involved more than 1,000 plants. Although Tran's Sentencing Guidelines range was 78–97 months, the District Court sentenced him to the mandatory-minimum sentence of 120 months' imprisonment.

Tran now appeals, arguing that the District Court erred when it combined live plants with harvested plants when determining the scope of the conspiracy.[3]

## II.

We see no error in the District Court's factual finding that the conspiracy involved more than 1,000 marijuana plants.[4] The marijuana that Tran admitted in his telephone conversation to having grown and harvested before the DEA raid was circumstantial evidence that the conspiracy involved more plants than the 888 discovered by DEA agents. The District Court properly relied on this evidence, as well as the testimony of Agent Ellwanger, to find that the marijuana-growing conspiracy involved at least an additional 190 marijuana plants. *See, e.g., United States v. Shields,* 87 F.3d 1194, 1197 (11th Cir.1996) (en banc) ("There is more than sufficient evidence that Shields's relevant conduct included cultivating and harvesting a first crop of marijuana plants in addition to the growing crop found by government agents."); *United States v. Silvers,* 84 F.3d 1317, 1327 (10th Cir.1996) ("We have held countless times that if no drugs are actually seized, the government can nevertheless prove the type and quantity of drugs attributable to the defendant through other evidence. . . ."); *see also United States v. Littrell,* 439 F.3d 875, 880–81 (8th Cir.

2006) (considering evidence of past amounts of methamphetamine manufactured, as well as large amounts of precursor chemicals found on the property, to conclude that the charged conspiracy involved more than 500 grams of methamphetamine, despite fact that only 244 grams were seized in the raid); *United States v. Fitch,* 137 F.3d 277, 282–83 (5th Cir.1998) ("[T]he fact that these 288 marijuana plants had been harvested *prior to* their discovery did not affect their status as marijuana 'plants' involved in this offense for the purposes of applying the mandatory minimum required by 21 U.S.C. § 841(b)(1)(A)(vii).").

Tran, however, contends that the District Court was prohibited from converting the 19 pounds of harvested marijuana into an estimated number of plants. He urges us to adopt the Second Circuit's reasoning, as set forth in *United States v. Blume,* 967 F.2d 45 (2d Cir.1992). We do not, however, read *Blume* in the same manner as does Tran, and conclude that it is inapplicable in the circumstances of this case.

Unlike this case, *Blume* did not involve the calculation of the number of marijuana plants for purposes of establishing whether a defendant was subject to a statutorily-mandated minimum sentence. Rather, the question before the Second Circuit was how to calculate the offense level under the Sentencing Guidelines when both the weight of harvested marijuana and the number of plants were ascertainable. *Id.* at 49–50. The district court had applied the one-kilogram-to-one-plant equivalency set forth in the then-applicable Guidelines to conclude that the defendant was responsible for 11,000 pounds of marijuana. *Id.*

---

3. Tran's counsel initially filed a brief under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), representing that he could identify no non-frivolous issues to pursue on appeal. Because we were dissatisfied with that brief, we ordered counsel to brief the issue we now address in this opinion.

4. Because Tran failed to object to his sentence before the district court, our review is for plain error. *United States v. Miller,* 594 F.3d 172, 183 n. 6 (3d Cir.2010).

at 49. The Second Circuit, in contrast, concluded that the evidence established that only 4,000 pounds should be attributed to the defendant. *Id.* at 50. It then held that the district court's determination that the defendant should be sentenced based upon 11,000 pounds of marijuana was unsupported by the evidence.[5] *Id.*

Here, in contrast, the question before the sentencing court was whether the evidence established that the scope of the conspiracy involved more than 1,000 marijuana plants. The District Court properly considered testimony regarding the scope of defendant's marijuana growing operation, as well as evidence of the size of his past harvest. This evidence easily established that the conspiracy included more than 1,000 marijuana plants. Accordingly, no plain error occurred.

## III.

Based on the foregoing, we will affirm Tran's conviction and sentence. The District Court's judgment, however, does contain an error, which both sides agree is a clerical error, which should be corrected pursuant to Federal Rule of Criminal Procedure 36. We therefore remand this case and direct the District Court to correct the clerical error by substituting "1,000" for "100" in the judgment.

5. We, of course, express no opinion about the proper method of calculating the amount of marijuana attributable to a defendant under the Guidelines.